IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01799-MEH

LUKE IRVIN CHRISCO,

    Plaintiff,

v.

RICHARD RAEMISCH,
DONALD GIBSON,
DANA KRAKOW,
BLAHER,
JOHNSON,
PACHECO,
GALKOWSKI,
LARIMORE,
VALDEZ,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

    All Defendants except Donald Gibson seek dismissal of this case. Plaintiff's claims primarily relate to Defendants' use of four-point restraints and involuntary administration of medicine. I find that the statute of limitations bars Plaintiff's first, third, fourth, fifth, and sixth claims. Additionally, Plaintiff's second claim fails to assert an Eighth Amendment violation. Accordingly, I grant Defendants' motion and dismiss all of Plaintiff's claims other than those against Mr. Gibson.

**BACKGROUND**

**I. Facts**

    I take as true all factual allegations in the Complaint pursuant to *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009).

Plaintiff is incarcerated at the San Carlos Correctional Facility ("SCCF") in the Colorado Department of Corrections ("CDOC"). Compl., ECF No. 1. On July 30, 2015, Plaintiff sprayed water out of his shower onto the floor of the unit. *Id.* ¶ 79. SCCF officials removed him from the shower and placed him in restraints. *Id.* ¶ 80. Plaintiff then took ten milligrams of Zyprexa at the request of SCCF staff. *Id.* ¶¶ 80–81. Defendant Larimore accused Plaintiff of having "cheeked" his medication. *Id.* ¶ 82. As a result, a nurse administered an intramuscular injection of Halidol. *Id.* ¶ 83. This caused Plaintiff to suffer radial nerve pain and anxiety. *Id.* ¶ 84.

On July 31, 2015, Plaintiff was placed on a mental health watch ("MHW") and put in restraints. *Id.* ¶ 1. When Plaintiff complained that the restraints were too tight, various nurses and guards drafted false reports stating that he was being aggressive. *Id.* ¶¶ 4–5. As a result, Defendants placed Plaintiff on a table in "four-point restraints" from August 2, 2015 through August 4, 2015. *Id.* ¶¶ 5–6. Plaintiff was placed in these restraints pursuant to a CDOC policy that requires staff to review the need for restraints after four hours and then again every twenty-four hours. *Id.* ¶¶ 30–33. However, in practice, SCCF medical staff assessed inmates only after twenty-four hours. *Id.* ¶ 33. Defendant Gibson removed the restraints after Plaintiff promised he would stop filing lawsuits and grievances. *Id.* ¶ 60.

**II.    Procedural History**

Although Plaintiff initiated this case on March 31, 2017, *see* ECF No. 1, he did not assert claims against Defendants until he filed his Amended Complaint on August 14, 2017. Am. Compl., ECF No. 5. Plaintiff deposited his Amended Complaint in the SCCF mail system on August 8, 2017, *id.* at 25, which is relevant to the applicability of the statute of limitations. Plaintiff pleads six

causes of action in his Amended Complaint. First, he alleges Defendants Blaher, Galkowski, Larimore, Valdez, Johnson, and Pacheco violated the Fourteenth Amendment by filing false reports to keep him on a four-point restraint table from August 2 through August 4, 2015. *Id.* ¶¶ 1–6. Plaintiff's second claim asserts the CDOC policy permitting use of four-point restraints violates the Eighth Amendment. *Id.* ¶¶ 21–45. In his third cause of action, Plaintiff pleads an Eighth Amendment claim against Defendants Krakow and Gibson for leaving him in restraints from July 31 through August 4, 2015. *Id.* ¶¶ 51–70. Plaintiff's fourth claim contends Defendants Krakow and Gibson placed him in restraints as retaliation for lawsuits he filed. *Id.* ¶¶ 72–78. Claim five alleges Defendants Larimore and Gibson violated the Eighth Amendment by force medicating Plaintiff on July 30, 2015. *Id.* ¶¶ 79–88. Lastly, Plaintiff's sixth claim contends Defendants Larimore and Gibson force medicated him as retaliation for protected legal activity. *Id.* ¶¶ 86–88.

Defendants Raemisch, Krakow, Blaher, Johnson, Pacheco, Galkowski, Larimore, and Valdez responded to the Amended Complaint by filing the present Motion to Dismiss on February 15, 2018. ECF No. 32. Defendants contend the two-year statute of limitations bars Plaintiff's first, third, fourth, fifth, and sixth claims. Mot. to Dismiss 4–6. Additionally, Defendants seek dismissal of Plaintiff's second claim, arguing that the four-point restraint policy does not constitute cruel and unusual punishment. *Id.* at 7–11.

During a May 15, 2017 Status Conference, Plaintiff stated that he wished to administratively close the case while he pursued an injunction against CDOC officials for confiscating his legal materials. *See* ECF No. 38. I granted Plaintiff's request and instructed him to reopen the case by filing a response to Defendants' Motion to Dismiss. *Id.*

On June 8, 2018, Plaintiff filed a Motion to Lift Stay and a response to Defendants' motion.

3

Mot. to Lift Stay, ECF No. 45; Resp. to Mot. to Dismiss, ECF No. 42. I granted Plaintiff's motion and permitted Defendant until June 25, 2018 to file a reply. ECF No. 46. In his response brief, Plaintiff asks me to equitably toll the statute of limitations. Resp. to Mot. to Dismiss 1. According to Plaintiff, he was prevented from timely finishing his complaint "due to being moved to another prison and deprived of his papers in the process until August 6, 2017." *Id.* at 1. Plaintiff does not address the merits of his claims. The parties filed their magistrate judge consent forms on June 10 and June 11, 2018, but Defendants did not submit a reply brief.

## LEGAL STANDARDS

### I. Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678–80. Second, courts must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## II. Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers . . . ." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090,

1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

I first find that the statute of limitations bars Plaintiff's individual capacity claims against Defendants. I then hold that Plaintiff fails to allege the CDOC restraint policy violates the Eighth Amendment.

### I. Claims Against Defendants in Their Individual Capacities

The applicable statute of limitations (and accompanying tolling provision) for § 1983 claims is determined the law of the forum state. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999). Colorado law requires that a plaintiff file his § 1983 claims within two years of the cause of action accruing. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Mwangi v. Norman*, No. 16-cv-00002-CMA-NYW, 2016 WL 7223270, at *5 (D. Colo. Dec. 13, 2016) (citing Colo. Rev. Stat. § 13-80-102(1)(g)). A cause of action "accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1154 (10th Cir. 1998) (quoting *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993)).

Claims one, three, four, five, and six accrued outside of the two-year limitations period. These claims relate to Defendants' conduct between July 30 and August 4, 2015. Am. Compl. ¶¶1–88, ECF No. 5. Thus, the statute of limitations required Plaintiff to assert these causes of action on or before August 4, 2017. Because Plaintiff submitted the Amended Complaint to the SCCF prison mail system on August 8, 2017, his claims are untimely.[1] Indeed, Plaintiff does not dispute that his claims accrued outside the statute of limitations.

Instead, Plaintiff asks me to equitably toll the statutory period based on extraordinary circumstances. Resp. to Mot. to Dismiss, ECF No. 42. According to Plaintiff, he was prevented from filing his claims "due to being moved to another prison and deprived of his papers in the process until August 6, 2017." *Id.* at 1. Once he received his papers, he "immediately proceeded to finish drafting the Complaint." *Id.* at 2.

State law governs whether to toll the limitations period. *Fratus*, 49 F.3d at 675. In Colorado, " [t]he doctrine of equitable tolling is limited to situations in which either the defendant's wrongful conduct prevented the plaintiff from asserting the claims in a timely manner or truly exceptional circumstances prevented the plaintiff from filing the claim despite diligent efforts." *Noel v. Hoover*, 12 P.3d 328, 330 (Colo. App. 2000). Colorado law places the burden of proof on the party asserting that tolling is proper. *Sharp Bros. Contracting Co. & Sanders Co., Inc. v. Westvaco Corp.*, 878 P.2d 38, 44 (Colo. App. 1994).

---

[1] Plaintiff initiated this case by filing a "Notice of Non Consent, Rejection of Offer Notice of Intent, Termination of Employment" on July 24, 2017. ECF No. 1. Although Plaintiff filed this document within the statutory period, it does not assert claims against the Defendants named in claims one, three, four, five, or six. *Id.* Additionally, the Amended Complaint makes entirely different factual allegations than the initial document. *Compare id.* (complaining of being denied access to SCCF's legal program), *with* Am. Compl. (making claims based on the involuntary administration of medication and the use of four-point restraints).

Plaintiff does not carry his burden. To the extent Plaintiff asserts moving him to another prison constituted wrongful conduct, "the party asserting the statute as a defense must be the party engaging in conduct that would make the application of the statute inequitable." *Id.* at 44. Plaintiff does not argue that any of the individual Defendants moved him to another prison or deprived him of his papers. Accordingly, tolling is not proper based on Defendants' conduct. *See Chrisco v. Raemisch*, 17-cv-01036-PAB-MEH, 2018 WL 1517023, at *2 (D. Colo. Mar. 27, 2018) ("Even construing plaintiff's response liberally to allege that the CDOC engaged in wrongful conduct, plaintiff has not argued that any one of the named defendants impeded the timely filing of his complaint.").

Plaintiff also does not demonstrate that, despite diligent efforts, truly exceptional circumstances prevented him from filing his claims. Even assuming moving to another prison and being denied legal papers constitutes exceptional circumstances, Plaintiff does not articulate the efforts he took to obtain his papers. As the Honorable Philip A. Brimmer explained in a prior case involving Plaintiff, "Courts have generally required a plaintiff alleging denial of access to legal materials to demonstrate diligence by 'making multiple requests that his documents be returned before the deadline' or by 'attempting to timely file in spite of the lack of access.'" *Chrisco*, 2018 WL 1517023, at *3 (quoting *United States v. Oakes*, 445 F. App'x 88, 94 (10th Cir. 2011) (unpublished)). Plaintiff does not assert that he requested his papers be returned or that he attempted to file an unfinished complaint to avoid the running of the statute of limitations. Although Plaintiff contends he may be able to prove "upon further development of the record, that he took what actions as were available to him under prison procedures to quicken the return of his papers," Resp. to Mot. to Dismiss 2, Plaintiff cannot carry his burden with such a conclusory statement. If Plaintiff in fact

8

took such actions, he would be able to currently articulate them. Because he has not done so, equitable tolling is not warranted.

## II.  Eighth Amendment Claim Against Defendant Raemisch in His Official Capacity

Plaintiff's second claim asserts that CDOC's policy of keeping prisoners in four-point restraints for prolonged periods of time violates the Eighth Amendment. Am. Compl. ¶¶ 21–45, ECF No. 5. This policy requires that mental health staff review the necessity of an inmate's restraints after four hours. *Id.* ¶ 30; ECF No. 32-1, at 5. If the staff member decides that four-point restraints are still necessary, the restraints "may be continued for successive periods of up to 24 hours if the criteria . . . continue to be met." ECF No. 32-1, at 5. However, in practice, CDOC officials disregard the initial four-hour review requirement and assess the necessity of restraints only at twenty-four hour intervals. Am. Compl. ¶¶ 32–33. Pursuant to the policy, prison staff offer fluids and restroom breaks to inmates every two hours. ECF No. 32-1, at 5. Unless otherwise instructed by mental health personnel, CDOC staff also permit the prisoner to exercise every two hours in walking restraints. *Id.* Plaintiff seeks to enjoin CDOC from leaving prisoners in four-point restraints for such an extended period of time without a medical review. *Id.* at 16.

"To prevail on a 'conditions of confinement' claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is 'sufficiently serious' to implicate constitutional protection, and (2) prison officials acted with 'deliberate indifference to inmate health or safety.'" *DeSpain v. Uphoff*, 264 F.3d 965, 971 (10th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To meet the objective element, the prisoner must allege that the conditions deprived him of "the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The subject

9

element "entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *DeSpain*, 264 F.3d at 972 (alterations in original) (quoting *Farmer*, 511 U.S. at 835). It requires a showing that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 834.

I find that the CDOC policy, as applied, does not violate the Eighth Amendment. Although spending twenty-four hours restrained at all extremities with no opportunity to be medically cleared for release would certainly be uncomfortable, "a prisoner must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain*, 264 F.3d at 973 (quoting *Farmer*, 511 U.S. at 834). Had Plaintiff alleged that CDOC failed to offer him water or permit him to take restroom breaks, this may have demonstrated a substantial risk of serious harm. However, Plaintiff does not contend that he was unable to drink, use the restroom, and exercise every two hours pursuant to CDOC's policy. Although Plaintiff asserts that prison officials failed to check his range of motion and "assess to see if criteria for release . . . ha[d] been met every 2 hours," Am. Compl. ¶ 36, this alone did not deprive Plaintiff of the minimal civilized measure of life's necessities.

Courts have readily dismissed Eighth Amendment claims in similar circumstances. *Williams v. Burton*, 943 F.2d 1572, 1574–76 (11th Cir. 1991) (holding that placement in four-point restraints "for twenty-eight and one-half hours with brief intervals for eating, physical exercise, and toilet use" did not violate the Eighth Amendment); *Cunningham v. Eyman*, 17 F. App'x 449, 453 (7th Cir. 2001) ("[Plaintiff] spent 16 hours in shackles and four to five hours in soiled clothing. Though certainly unpleasant, these hardships were temporary and as this court's case law makes

clear, they were not of sufficient severity to implicate the Eighth Amendment."); *Key v. McKinney*, 176 F.3d 1083, 1086 (8th Cir.1999) (dismissing an Eighth Amendment claim in which the prisoner was left in handcuffs and leg shackles for twenty-four hours). When courts have allowed Eighth Amendment claims to proceed, there are generally extenuating circumstances making the use of four-point restraints particularly inhumane. For example, in *Williams v. Benjamin*, the prisoner claimed he "was maced and confined in four-point restraints on a bare steel bed frame for more than eight hours, . . . denied an opportunity to wash himself, . . . and never permitted to use a toilet." 77 F.3d 756, 760 (4th Cir. 1996). In contrast, Plaintiff bases his claim on being placed in restraints for twenty-four hours with consistent bathroom breaks, fluids, and exercise.

Moreover, Plaintiff does not assert that CDOC staff regularly used the policy in a manner inconsistent with its purpose—"to prevent offenders from harming themselves or others." ECF No. 32-1, at 5. "[P]hysical restraints are constitutionally permissible where there is a legitimate penological justification for their use." *Black v. Wills*, No. 10-cv-01636-REB-KLM, 2011 WL 7425474, at *3 (D. Colo. May 9, 2011) (quoting *Garraway v. United States*, No. 04-cv-01049-EWN-OES, 2006 WL 3054606, at *6 (D. Colo. July 24, 2006) (recommendation rejected in part on other grounds)). Because preventing inmates from harming themselves and others is a legitimate penological justification, CDOC's policy does not violate the Eighth Amendment. *See Black*, 2011 WL 7425474, at *4 ("Determining that a particular inmate poses a security risk or a challenge to order and consequently 'requiring that inmate to wear ankle and wrist restraints is certainly within'" prison officials' discretion to preserve order and security. (quoting *Sanders v. Hopkins*, 131 F.3d 152, at *2 (10th Cir. 1997) (Table))); *see also Key*, 176 F.3d at 1086–87 (affirming the dismissal of an Eighth Amendment violation in which the prisoner was placed in ambulatory restraints for

twenty-four hours after he threw water on a prison guard).

Even if Plaintiff had pleaded a sufficiently serious deprivation, he does not allege facts demonstrating that CDOC promulgated the policy "for the very purpose of causing harm or with the knowledge that harm will result." *DeSpain*, 264 F.3d at 972. In fact, Plaintiff does not allege any facts regarding the knowledge or intent of CDOC officials. Furthermore, Plaintiff does not attempt to remedy this deficiency by addressing his Eighth Amendment claim in his response. Accordingly, dismissal of Plaintiff's second cause of action is proper.

## CONCLUSION

In sum, Plaintiff's first, third, fourth, fifth, and sixth claims are untimely, and Plaintiff does not demonstrate that equitable tolling is proper. Accordingly, I dismiss these claims as to Defendants Krakow, Blaher, Johnson, Pacheco, Galkowski, Larimore, and Valdez. Additionally, because the CDOC restraint policy does not violate the Eighth Amendment, I dismiss Plaintiff's second claim for relief. The Clerk of the Court is directed to remove Defendants Raemisch, Krakow, Blaher, Johnson, Pacheco, Galkowski, Larimore, and Valdez from this case. Defendants' Motion to Dismiss [filed February 15, 2018; ECF No. 32] is **granted**.

Dated and entered at Denver, Colorado this 27th day of July, 2018.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge